UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TOMAS ZEA REYES,<br><br>　　　　Defendant. | Case No. CR 06-5005<br><br>ORDER DENYING MOTION TO WITHDRAW GUILTY PLEA |

　　　　This matter comes before the Court on Defendant Reyes' Motion to Withdraw Guilty Plea. After hearing oral argument on the matter, taking the testimony of Tomas Reyes, and considering the pleadings filed by all parties (counsel for Defendant, Defendant, and the government), the Court is fully informed and hereby denies the motion to withdraw guilty plea.

　　　　Fed. R. Crim. P. 11(d)(2)(B) provides a defendant may withdraw a guilty plea after a district court accepts the plea but before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal."  See, United States v. Ruiz, 257 F.3d 1030,1033 (9th Cir. 2001).  The burden of establishing a fair and just reason rests with the defendant.  United States v. Nostratis, 321 F.3d 1206, 1208 (9th Cir. 2003).  "Fair and just reasons" may include an inadequate plea colloquy,

ORDER - 1

newly discovered evidence, intervening circumstances, or any other reason that did not exist when the defendant entered his plea. United States v. Turner, 898 F.2d 705, 713 (9th Cir. 1990). A defendant's mere change of heart about pleading guilty is not a fair and just reason. Turner, at 713. The ultimate decision to grant or deny the withdrawal of a guilty plea is solely within the discretion of the district court. Nostratis, at 1208.

Defendant Reyes asserts as the basis for withdrawal of his plea is the contention that his attorney did not fully inform him about a potential motion to suppress evidence obtained in the search of certain store premises operated by Defendant Reyes and a co-defendant. Reyes asserts that his attorney did not provide him with certain documents. Reyes does not know of the existence of these documents, but merely asserts that they must exist.

Subsequent to a limited waiver of the attorney-client privilege, Mr Reyes' counsel filed a declaration with the Court. This declaration states that counsel and Mr. Reyes discussed the evidence involved, the possible search and seizure issues, and the risks and rewards of proceeding with a motion to suppress. Counsel sought and obtained an extension of court deadlines to conduct further investigation into the potential merits of filing a suppression motion. Counsel ultimately determined that the chances of obtaining affirmative relief through a motion to suppress was poor. Counsel also took into consideration that the Government's plea offer was contingent upon Reyes' forgoing any possible suppression motions. The benefits of the plea agreement for Reyes were (a) the Government would not file a sentencing enhancement based on prior convictions, which would raise the mandatory minimum to twenty years, and (b) the Government would not file three charges for possession of firearms in connection with drug trafficking crimes, which would have carried an additional mandatory of eighty years, to be served consecutively. Counsel discussed the pros and cons of the plea offer, the suppression motion, and trial with Mr. Reyes. Mr. Reyes ultimately determined to accept the plea agreement.

Prior to the acceptance of Defendant Reyes' guilty plea, this Court questioned Mr. Reyes as

ORDER - 2

to his satisfaction with his counsel, and the voluntary, knowing, and willingness of the entry of the guilty plea and understanding of the consequences of the plea agreement. Defendant indicated he was satisfied with his attorney and understood the plea agreement and was entering the plea agreement freely and voluntarily.

Defendant has not set forth any credible evidence that would warrant the withdraw of his guilty plea. Defendant does not dispute that he and counsel discussed the merits of filing a suppression motion. He simply contends there was more information that was not disclosed to him in order that he might make an informed decision. There is, however, no evidence that such evidence exists. Defendant merely supposes such. This is not a fair and just reason for permitting the withdraw of a guilty plea. More likely, it is Defendant's mere change of heart that has brought on this request.

ACCORDINGLY;

IT IS ORDERED:

Defendant Tomas Reyes' Motion to Withdraw Guilty Plea [Dkt. #87] is **DENIED**.

DATED this 14th day of November, 2007.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3