1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9

10

UNITED STATES OF AMERICA,

Plaintiff,

v.

TOMAS ZEA REYES,

Defendant.

Case No. CR06-5005 FDB

ORDER DENYING MOTION FOR
RETURN OF PROPERTY

11

12

13

14

15

16      This matter comes before the Court on Defendant's motion for return of property.  The

17  Court, having reviewed the motion, the response, and record herein, is fully informed and denies the

18  motion.

19      Defendant Tomas Zea Reyes pled guilty to one count of possession of methamphetamine

20  with intent to distribute and was sentenced to 216 months of imprisonment on February 19, 2009.

21  On February 19, 2010, Defendant filed a petition for habeas corpus relief pursuant to 28 U.S.C. §

22  2255, to vacate, set aside, or correct the sentence.  This habeas petition is pending in this Court.  On

23  March 1, 2010, Defendant Reyes filed the instant motion pursuant to Fed. R. Crim. P. 41(e) for the

24  return of jewelry and other unspecified personal property seized during the investigation of the

25  subject crime.

26  ORDER - 1

1    Rule 41(g) of the Federal Rules of Criminal Procedure provides, in pertinent part, that "[a]

2 person aggrieved ... by the deprivation of property may move for the property's return.... If [the

3 court] grants the motion, [it] must return the property to the movant, but may impose reasonable

4 conditions to protect access to the property and its use in later proceedings." Fed. R. Crim. Proc.

5 41(g).[1] If a defendant seeks return of property after pleading guilty and being sentenced, there is a

6 presumption that he is entitled to return of the property. See United States v. Mills, 991 F.2d 609,

7 612 (9th Cir. 1993).  Rule 41(g) is an equitable remedy in which the Court must determine all the

8 equitable considerations in order to make a fair and just decision.  Persons moving under Rule 41(g)

9 must show a possessory interest in the seized property and must also have "clean hands."  A Rule

10 41(g) motion may be denied "if the defendant is not entitled to lawful possession of the seized

11 property, the property is contraband or subject to forfeiture or the government's need for the

12 property as evidence continues." United States v. Van Cauwenberghe, 934 F.2d 1048, 1060-61 (9th

13 Cir. 1991).  To demonstrate a legitimate reason to retain the items, the government may show a

14 cognizable claim of ownership or right to possession that is adverse to that of defendant. See Mills,

15 991 F.2d at 612; United States v. Palmer, 565 F.2d 1063, 1065 (9th Cir. 1977).  The government

16 may also demonstrate the need to retain the property as evidence, and/or the right to levy upon the

17 property to pay obligations owed to the government by the defendant.  See United States v. Duncan,

18 918 F.2d 647, 654 (6th Cir. 1990).

19    When it is apparent that the person seeking a return of property is not lawfully entitled to

20 own or possess the property, the district court need not hold an evidentiary hearing. See United

21 States v. Felici, 208 F.3d 667, 670-71 (8th Cir. 2000).  No evidentiary hearing is necessary in this

22 case in order for this Court to conclude that the Rule 41(g) motion should be denied.

23

24    [1]The 2002 amendments redesignated the subsection on motions for return of property from
Rule 41(e) to Rule 41(g) without substantive change to the Rule, and courts have applied case law
25 concerning former Rule 41(e) to the current Rule 41(g).

26 ORDER - 2

1    The Court finds it appropriate to deny Reyes' motion for several reasons.  First, according to

2  the Drug Enforcement Agency, all of Reyes' personal items were in the custody of the City

3  of Lakewood (which conducted the initial investigation), where they were eventually forfeited

4  pursuant to a state forfeiture proceedings.  Thus, the federal government does not have any of

5  Reyes' personal property to return.  The Ninth Circuit has held that a Rule 41(g) motion is properly

6  denied once a civil forfeiture action has been filed.  See United States v. U.S. Currency $83,310.78,

7  851 F.2d 1231, 1235 (9th Cir. 1988).  See also United States v. Fitzen, 80 F.3d 387, 389 (9th Cir.

8  1996) (holding that the state forfeiture proceeding establishing the state's ownership of the property

9  was sufficient to prove that the defendant was not lawfully entitled to the property).

10    Second, to the extent Reyes is asking for currency or firearms, he agreed to forfeit those

11  items as part of his plea agreement.

12    Finally, Defendant Reyes has a habeas proceeding pending in this Court.  Thus, the jewelry

13  and other unspecified items of personal property retain their relevant evidentiary value should

14  Defendant Reyes succeed in having his sentence vacated and obtaining a trial.

15    ACCORDINGLY;

16    IT IS ORDERED:

17    Defendant's Motion for Return of Property [Dkt # 138] is **DENIED**.

18

19    DATED this 15th day of March, 2010.

20

21

22

23    _____

24    FRANKLIN D. BURGESS
      UNITED STATES DISTRICT JUDGE

25

26  ORDER - 3